# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY ALONZO, | Civil Action No. 06 – 1184 |
| Petitioner, | |
| v. | District Judge Marilyn J. Horan |
| | Magistrate Judge Lisa Pupo Lenihan |
| WARDEN DAVID WAKEFIELD, PENNSYLVANIA OFFICE OF ATTORNEY GENERAL and LUZERNE COUNTY DISTRICT ATTORNEY, | |
| Respondents. | |

## MEMORANDUM ORDER

Presently before the Court is a Motion for Relief from Judgment filed by Petitioner Jay Alonzo pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 28.) Petitioner requests that the Court vacate its Order dated July 11, 2008, which denied his Petition for Writ of Habeas Corpus, and reopen this case to consider an additional claim of ineffective assistance of counsel during the post-sentencing phase of his criminal proceedings. The Motion was referred to United States Magistrate Judge Lisa Pupo Lenihan pursuant to the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court.

On May 13, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") wherein she recommended that Petitioner's Motion be denied and that a Certificate of Appealability also be denied. (ECF No. 29.) Petitioner filed timely written objections to the R&R on June 14, 2019. (ECF No. 32.) In resolving a party's objections, the Court conducts a *de novo* review of any part of the Report and Recommendation that has been properly objected to.

1

Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.*

Petitioner's single objection to the R&R is that the Magistrate Judge erred in concluding that his Motion was in actuality a second or successive habeas petition since his claim of ineffective assistance of counsel during the post-sentencing phase had not been raised in his initial Petition for Writ of Habeas Corpus. Petitioner claims that this is incorrect because he did in fact raise a claim in his Petition that he was constructively denied counsel, and he argues that this constructive denial of counsel claim correlates with the claim in his Motion that he was denied effective assistance of counsel at the post-sentencing stage. As explained in the R&R, however, the constructive denial of counsel claim that Petitioner raised in his Petition related solely to his trial counsel's representation before and during trial. It did not relate to counsel's representation during post-sentencing. Therefore, the Magistrate Judge was correct in concluding that the Motion was in actuality a second or successive habeas petition because Petitioner was attempting to advance a new ground for relief. The Third Circuit Court of Appeals has not granted Petitioner permission to file such a petition and therefore this Court lacks jurisdiction to hear this claim. Accordingly, after careful *de novo* review, the following Order is now entered.

AND NOW, this 17th day of July, 2019;

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 29) is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Relief from Judgment (ECF No. 28) is denied for lack of jurisdiction.

2

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

/s/ Marilyn J. Horan
Marilyn J. Horan
United States District Judge

Cc: Jay Alonzo
FE9927
SCI Benner
301 Institution Drive
Bellefonte, PA 16823

Counsel of record
(*Via CM/ECF electronic mail*)